UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORMAN PAXTOR ALVAREZ,

    Plaintiff,

v.

Case No. 2:25-cv-964-KCD-NPM

GARRETT J. RIPA, MIAMI FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; et al.,

    Defendants.

## ORDER

Petitioner Norman Paxtor-Alvarez has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention without a hearing contravenes the Fifth Amendment and Administrative Procedure Act. (*Id.* at 14, 17.) Defendants responded. (Docs. 7, 8.) For the reasons below, the petition is **GRANTED IN PART AND DENIED IN PART**.

Paxtor-Alvarez illegally entered the United States in 2004. (Doc. 1 ¶ 19.) He has "been at liberty in the United States for over 21 years," most recently

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

working in construction. (*Id.* ¶ 23.) Two months ago, Florida Highway Patrol Officers conducted a traffic stop and determined Paxtor-Alvarez was in the United States illegally. (Doc. 8-1 at 7.) After processing, he landed at Alligator Alcatraz in the Middle District of Florida. (Doc. 1 ¶ 1.)

ICE is holding Paxtor-Alvarez under 8 U.S.C. § 1225. (*Id.* ¶ 61.) This matters because aliens detained through § 1225(b)(2) must remain in custody throughout their removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."). He is now in removal proceedings and being held under a "Notice to Appear" that charges him with unlawfully entering the United States. (Doc. 8-1.)

The heart of this case is a question of statutory interpretation involving the interplay between 8 U.S.C. §§ 1225 and 1226. According to Paxtor-Alvarez, the Attorney General is unlawfully holding him under § 1225(b)(2), which mandates his detention, instead of under § 1226(a)'s discretionary detention scheme, where he could be eligible for release. As a result, his continued detention without a bond hearing is unconstitutional.

As the Government concedes, the Court has already covered this ground and addressed the issues raised by Paxtor-Alvarez. *See Hernandez-Lopez v. Hardin, et al.*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895,

at *6 (M.D. Fla. Oct. 31, 2025). There, the Court was satisfied of its jurisdiction and found that petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The same result applies here. It is undisputed that Paxtor-Alvarez has been in the United States since at least 2004. His detention is thus governed by § 1226. And as a noncitizen detained under § 1226, Paxtor-Alvarez is entitled to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Paxtor-Alvarez seeks a writ of habeas corpus "ordering [his] immediate release from custody." (Doc. 1 at 19.) But that is not something the Court can do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Paxtor-Alvarez is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *12 (W.D. Tex. Sept. 22, 2025). Consistent with the "comfortable majority position," the Court will instead require Respondents to provide Paxtor-Alvarez with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

One last issue. Paxtor-Alvarez's Petition also challenges his detention under the Fifth Amendment and the Administrative Procedure Act. These

claims are not addressed "given that the Court [is granting] the relief [Paxtor-Alvarez is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Paxtor-Alvarez with a bond hearing as ordered, he can renew his Fifth Amendment and APA claims in a subsequent complaint.

For the reasons given, Paxtor-Alvarez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders Respondents to provide Paxtor-Alvarez with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 13, 2025.

Kyle C. Dudek
United States District Judge

4